IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| FRANK RUSSELL BARTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 7:11-cv-13(HL) |
| WESTINGHOUSE ELECTRIC | : | |
| CORPORATION and IDC HOLDING | : | |
| COMPANY, LLC., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

The Plaintiff's complaint, filed on February 2, 2011, alleges that the Plaintiff was injured when an outdoor solar landscape light manufactured by the Defendants burst in the Plaintiff's hand. The Plaintiff suffered damage to his hand and was unable to work for six months. The injury requires that he receive surgery. The asserted basis for the Court's subject matter jurisdiction is diversity jurisdiction.

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the diversity jurisdictional requirements in this case have been satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (requiring that a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion)

Having concluded that the requirements have not been satisfied, the Court orders the Plaintiff to come forward with evidence showing that diversity jurisdiction is present.

## I. DIVERSITY JURISDICTION

Diversity jurisdiction is present when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### A. Diversity of Citizenship

A party must distinctly and affirmatively plead citizenship. Tucker v. Thomasville Toyota, 623 F. Supp. 2d 1378, 1380 (M.D. Ga. 2008) (citations omitted). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id. at 1381 (citations omitted). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. Id.

The Plaintiff fails to plead that he is a citizen of Georgia; instead he only alleges that he is a resident of Georgia. The Plaintiff may file evidence establishing that he is a citizen of Georgia. If he does so, then the Court will find that there is complete diversity between the parties.

### B. Amount in Controversy

The Plaintiff's complaint states that his claims are for more than $75,000. However, the only allegations regarding his damages are that he suffered: (1) an unspecified amount of medical expenses including costs for an upcoming surgery; (2)

2

an unspecified amount of lost wages; and (3) pain and suffering damages. He asks for punitive damages too. He has included as exhibits to his complaint two photos of his injured hand.

Generally, the court should defer to the value the plaintiff places on his claim. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Ordinarily, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 807 (citation omitted). "However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id. Indeterminate damages are those that are not given a dollar amount. Id. ("McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate.").

To prove damages by the preponderance of the evidence the party seeking federal jurisdiction must do more than conclusorily assert that the amount in controversy exceeds $75,000. Failure to quantify the amount of loss can constitute speculation, which is insufficient to satisfy the plaintiff's burden. Bradley v. Kelly Services, Inc., 224 Fed. App'x 893, 895 (11th Cir. 2007).

In this case, the Plaintiff is asking for an indeterminate amount in damages

because he has not placed a dollar value on any of his claims. Thus, it is now incumbent upon him to come forward with evidence sufficient to show by a preponderance of the evidence that his claims meet the jurisdictional minimum.

To show the damages he has suffered, the Plaintiff is to present evidence on the amount of his claimed damages. If he fails to support his claims with evidence on the amount of the damages, the complaint will be dismissed for lack of jurisdiction.[1]

Accordingly, the Plaintiff is ordered to file with this Court, no later than February 16, 2011, evidence sufficient to show by a preponderance of the evidence that his claims exceed more than $75,000. The Plaintiff shall file a brief with exhibits. The Defendants have until February 23, 2011 to respond. If the Plaintiff wishes to file a reply, then it must seek the Court's permission to do so. The Court's Rules 16/26 Order will not issue until the Court determines it has subject matter jurisdiction over the case.

**SO ORDERED**, this the 4th day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

[1] Sometimes the allegations in a complaint for indeterminate damages facially establish the jurisdictional requirements. In those cases, a Court relies on its judicial experience and common sense to determine that the claims satisfy the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1064 (11th Cir. 2010). In this case, however, the allegations in the complaint lead the Court nowhere. The possible range of damages is large. The Court cannot tell from the photos how bad the Plaintiff's injury is. To estimate the amount of damages would be to speculate. Thus, the Court is providing the Plaintiff an opportunity to support his claims with facts showing that the amount in controversy exceeds $75,000.